**MARION COUNTY ELECTION BOARD, Appellant– Defendant,**

v.

**Raymond J. SCHOETTLE, Erica Pugh, and the Marion County Republican Party, Appellees–Plaintiffs.**

No. 49A02–0810–CV–979.

Court of Appeals of Indiana.

Nov. 3, 2008.

### ORDER FOR PUBLICATION

On Friday, October 31, 2008, The Marion Circuit Court issued its Findings of Fact and Conclusions of Law and Order on Complaint for Temporary Restraining Order, Preliminary Injunction and Declaratory Relief. Thereafter, the Defendant in that case, the Marion County Election Board, filed a Notice of Appeal in this Court seeking review of the trial court's ruling, along with a motion requesting the trial court to stay its order pending appeal. The trial court denied the motion to stay.

At 10:00 p.m. on Friday evening, October 31, 2008, we received Appellant's Emergency Motion for Stay Pending Appeal and a Request for Schedule. At 11:50 p.m. that evening, this Court issued an Order granting the Request for Schedule and Holding in Abeyance the Emergency

Motion for Stay, Appellees were directed to file any desired response to the Emergency Motion for Stay, no later than 9:00 a.m. on Monday. November 3.2008.

On Sunday, November 2, 2008, the Indiana State AFL–CIO, the American Federation of Labor and Congress of Industrial Organizations, and Service Employees International Union tendered an appearance and a motion for leave to file a brief as *amicus curiae* in support of Appellant Marion County Election Board, along with a proposed *amicus* brief. At 10:00 p.m. this Court issued an order denying the request to appear as *amicus curiae*.

At 8:15 a.m. on Monday, November 3, 2008, the Appellees filed their appearance in this court and further filed a Emergency Verified Motion for the Indiana Supreme Court to accept jurisdiction over this appeal pursuant to Indiana Appellate Rule 56(A). At the same time, the Appellees filed in this Court a Verified Motion to Continue to Hold the Board's Emergency Stay Request in Abeyance Pending Appellate Rule 56(A) Motion, and a Response to the Board's Stay Request. Since then, we received Appellant's Response to Appellate Rule 56(A) Motion and to Appellees' Opposition to Slay Pending Appeal.

Although the Appellees have filed a motion requesting that the Indiana Supreme Court assume jurisdiction over this case, unless and until the Indiana Supreme Court grants the Appellees' motion, jurisdiction remains with this Court.

■ As another panel of this court said just last week, "in interpreting Indiana's election laws, we respect the franchise: 'In the absence of fraud, election statutes generally will be liberally construed to guarantee to the elector an opportunity to freely cast his ballot, to prevent his disenfranchisement and to uphold the will of the electorate.'" *Curley v. Lake County Board of Elections and Registration,* 896 N.E.2d 24, 34, 2008 WL 4757335, at *7 (Ind.Ct.App., 2008) (quoting *Brown v. Grzeskowiak,* 230 Ind. 110, 128, 101 N.E.2d 639, 646 (1951)). Thus, we must view the arguments before us with eyes that are lightly focused on the electorate and the franchise that are the heart of American government.

■ The statutes at issue contemplate a variety of problems that may arise with absentee ballots and explain how to resolve those problems. For example, it is evident that the legislature has vested precinct boards with the authority to resolve disputes regarding voter's signatures on mailed-in, emailed, or in-person absentee ballots. Ind.Code §§ 3–11–10–4 through –7. If, on the other hand, a voter attempts to cast an absentee ballot in person (commonly known as early voting) but is unable or declines to present proof of identification, that ballot shall thereafter "be treated as a provisional ballot." I.C. § 3–11–10–26(i). Thus, in that situation, the absentee ballot that is to be treated as a provisional ballot must be set aside and reserved for resolution by the county election board. Ind.Code § 3–11.7–1–2 et seq.

Before us now, however, are the legislature's instructions on how to proceed if a written, emailed, or in-person absentee ballot is challenged prior to being placed in the ballot box on Election Day. Before Election Day. a challenge to the signature contained on the absentee ballot is resolved under Indiana Code sections 3–11–10–4, –5, –6, and –7. On Election Day. an absentee ballot challenge is made "for the reason that the absentee voter is not a legal voter of the precinct where the ballot is being cast." I.C. § 3–11–10–21. In that situation, the legislature has *not* instructed that the absentee ballot be treated as a provisional ballot. *Compare* I.C. § 3–11–

10–26(i). Instead, the legislature has instructed that the validity of the absentee ballot "must be determined *using the procedures for counting* a provisional ballot under IC 3–11.7." *Id.* (emphasis added). Among other things. IC 3–11.7 provides that a ballot is valid and must be counted if: (1) there is a properly-executed supporting affidavit:[1] (2) the voter is a qualified voter of the precinct; and (3) the voter is properly registered to vote. I.C. § 3–11.7–5–2(a). Thus. should an absentee ballot face a residency-based challenge, the precinct board must follow those procedures.

It is clear to us that the General Assembly has generally vested the precinct boards with the authority to resolve signature-based disputes on absentee ballots. The General Assembly has not stated that absentee ballots become provisional ballots following a residency-based challenge, nor has it commanded that, after such a challenge is made, the absentee ballot is to be placed back in an envelope and sent to the county election board for a post-Election-Day resolution. Instead, the legislature has simply stated that "[t]he challenge ... must be determined using the *procedures for counting* a provisional ballot under IC 3–11.7." I.C. § 3–11–10–21 (emphasis added).

We acknowledge an arguable conflict between IC 3–11 and 3–11.7, inasmuch as IC 3–11.7 assumes that the counting of provisional ballots will be done after Election Day by the county election board. The legislature, however, has acknowledged that the local precinct board is the proper governing body to resolve most disputes and has explicitly instructed the precinct board that, it the supporting affidavit would have sufficed had it supported a

challenge to an in-person vote on Election Day. the absentee ballot shall be placed in the ballot box. I.C. § 3–11–10–22(d). Very importantly, the General Assembly did not instruct that absentee ballots challenged on Election Day are "to be treated as" provisional ballots. When the General Assembly's instructions are viewed as a whole. we simply cannot conclude that it *implicitly* intended that even absentee ballot facing a residency-based challenge on Election Day suddenly transforms into a provisional ballot and cannot be counted on Election Day.

We hold that residency-based challenges to absentee ballots that occur on Election Day are to be resolved by the precinct boards according to the procedures outlined in Article 3–11.7: in other words, precinct boards are to take the same steps on Election Day regarding challenged absentee ballots as the county election board must take in the days following Election Day to determine whether a challenged provisional ballot is valid and must be counted or invalid and must be discarded. Thus, we conclude that the trial court erred by finding that the appellees are likely to succeed on the merits and entering a preliminary injunction in their favor.

For all of these reasons, we hereby order that the preliminary injunction issued by the trial court is dissolved. Furthermore, we order that the declaratory judgment entered by the trial court is stayed pending an appeal thereof. Should the parties wish to submit full briefs and further authority in support of their respective positions on the declaratory judgment, we direct the appellants to submit their materials within fifteen days of this order and the appellees to submit their materials

---

1. The General Assembly has stated that "the absentee voter's Application for an absentee ballot shall be considered as the affidavit required to be made by a voter when challenged in the polls while voting in person." I.C. § 3–11–10–22(a).

within fifteen days of the filing of the appellants' materials.

Having reviewed the matter, the Court KINDS AND ORDERS as follows:

Appellees' Verified Motion to Continue to Hold the Board's Emergency Stay Request in Abeyance Until the Indiana Supreme Court Rules on Appellees' Pending Appellate Rule 56(A) Motion is **DENIED.**

Appellant's Emergency Motion for Stay Pending Appeal is GRANTED.

BAKER, C.J., MATHIAS, J., concur.

BROWN, J., dissents with opinion.

BROWN, J., dissenting.

I respectfully dissent from the majority's decision to slay the preliminary injunction issued by the Marion Circuit Court, finding the allegations of harm to voters as advanced by the Marion County Election Board in its Emergency Motion for Stay Pending Appeal to be invalid. The Election Board bears a heavy burden in moving for the extraordinary relief requested, that is to stay a preliminary injunction. *Hinrichs v. Bosma*, 410 F.Supp.2d 745(S.D.Ind.2006). That burden has not been met. The Board has not shown a genuine harm to the public interest if this Court fails to stay the injunction. On balance, the public could potentially suffer greater harm if the injunction is stayed in error.